40 F.3d 1244
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herbert D. MORRIS, Petitioner,
v.
EASTERN ASSOCIATED COAL COMPANY; Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 94-1321.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 9, 1994.
Decided Nov. 2, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (92-1731-BLA)
 S. F. Raymond Smith, Rundle & Cooper, L.C., Pineville, WV, for petitioner. Mark E. Solomons, Laura Metcoff Klaus, Arter & Hadden, Washington, DC, for respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before WILKINS and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Herbert Morris seeks review of the Benefits Review Board's (Board) decision affirming the administrative law judge's (ALJ) decision to deny his application for black lung benefits. On appeal, Morris contends that the ALJ committed errors in relying upon employer's physician's reports to find that Morris failed to establish a totally disabling respiratory impairment pursuant to 20 C.F.R. Sec. 718.204(c)(4) (1994). We disagree.
 
 
 2
 Morris contends that reports submitted by Drs. Endres-Bercher and Rosenburg, which were relied on by the ALJ in finding no total disability, are legally insufficient under this Court's decision in Walker v. Director, Office of Workers' Compensation Programs, 927 F.2d 181 (4th Cir.1991), to establish that Morris could perform his usual coal mine employment because the physicians' reports do not reflect that the physicians were aware of Morris's specific job duties. We, however, find Walker inapposite to the instant case, because the reports at issue establish that the miner had no pulmonary impairment or no significant pulmonary impairment. Under these circumstances, the comparison contemplated by Walker between the miner's impairment and his job duties is unnecessary. Id. at 184.
 
 
 3
 We also cannot agree with Morris's contention that Dr. Buddington's report finding a moderate impairment was the only report supported by the objective evidence of record. The record discloses uniformly normal results on physical examination, pulmonary function testing, and separate lung volume testing. The only objective evidence of record tending to support a finding of total disability consisted of one resting blood gas test conducted by Dr. Buddington. Only four months earlier, Dr. Endres-Bercher conducted both at-rest and exercise blood gas tests, neither of which suggested disability. Moreover, Morris's blood oxygenation actually improved with exercise. This fact, according to Dr. Rosenburg's undisputed opinion, excludes the presence of any functionally significant lung disease.
 
 
 4
 The decision of the Board is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.